United States District Court
Southern District of Texas
**ENTERED**
September 18, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMUEL CALHOUN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:17-cv-1248 |
| | § | |
| BRANDON HOLLOWAY, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

There are two motions pending before the Court in this employment discrimination and tort suit filed by Plaintiff Samuel Calhoun, who is proceeding *pro se*. One is a motion to dismiss [Doc. # 29] filed by Defendants employed by H.E. Butt Grocery Company ("HEB"), specifically, Scott McClelland, Chris Boehn, Barnard Douglas, and Bridgett Mervin (the "HEB Defendants"). Defendants FirstFleet, Inc. ("FirstFleet"), Brandon Holloway, and Diane Hill (collectively, the "FirstFleet Defendants) also have filed a motion to dismiss [Doc. # 17]. Both motions address Plaintiff's original and first amended complaints. The Court heard oral argument from the parties on August 22, and incorporates Plaintiff Calhoun's comments into the motion record. For reasons set forth below, the Court **grants** the HEB Defendants' motion and dismisses all of Plaintiff's claims against the HEB Defendants. The Court **grants** in part and **denies** in part the FirstFleet Defendants' motion. Accordingly, the Court must dismiss all

Plaintiff's claims against Holloway and Hill, and all of Plaintiff's claims against Defendant FirstFleet *except* his claim under Title VII of the Civil Rights Act of 1964 as amended, which remains pending.

## I.     PROCEDURAL BACKGROUND

Plaintiff Samuel Calhoun filed this case on April 21, 2017, against the FirstFleet Defendants[1] and the HEB Defendants.  The FirstFleet Defendants and HEB Defendants each moved to dismiss Plaintiff's Complaint ("Original Complaint") [Doc. # 1].  *See* "Defendants FirstFleet, Inc. and FirstFleet Employees' Motion to Dismiss Plaintiff's Complaint" ("FirstFleet's Motion to Dismiss Original Complaint") [Doc. # 17]; [HEB] Defendants' Motion to Dismiss [Doc. # 23].

Plaintiff filed a Response to the Motions to Dismiss, requesting leave to amend and offering an amended complaint.  *See* "Plaintiff's Response to Defendants['] Motion to Dismiss, Plaintiff[']s Amended Complaint" ("Response") [Doc. # 27].  The Court construes Plaintiff's Response as a motion for leave to amend and **grants** that motion.  Plaintiff's proposed Amended Complaint has been

---

[1]     Plaintiff, in his Original Complaint [Doc. # 1], named John Flynn as a defendant in his capacity as CEO of FirstFleet, Inc.  *Id.* at 2.  The FirstFleet Defendants assert that John Flynn is not the company's CEO.  Plaintiff's Amended Complaint does not name John Flynn as a defendant in this case.

2

docketed as a separate entry on the Court's docket. *See* Amended Complaint [Doc. # 33].[2]

The FirstFleet Defendants have replied to Plaintiff's Response ("Reply") [Doc. # 28]. These Defendants argue that Plaintiff's Amended Complaint again fails to allege legally viable claims against the FirstFleet Defendants. Additionally, the FirstFleet Defendants argue that Plaintiff now admits his claim under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") is untimely because Plaintiff's suit was filed on April 21, 2017, ninety-three days after the date of the Equal Employment Opportunity Commission ("EEOC") Notice of Right to Sue that Plaintiff received, which Plaintiff attached to his Amended Complaint. *See id.* at 1-2; Notice of Right to Sue, Exh. A to Amended Complaint ("Notice of Right to Sue") [Doc. # 33], at ECF 14.

Because the written record contained no explanation from Plaintiff why he did not initiate this lawsuit within ninety days of receiving the Notice of Right to Sue, as required under Title VII, s*ee* 42 U.S.C. § 2000e-5(f)(1), the Court gave Plaintiff Calhoun an opportunity to provide such an explanation orally at the August 22 Initial Pretrial Conference in this case. At the Initial Pretrial

---

[2] Accordingly, "Defendants FirstFleet, Inc. and FirstFleet Employees' Motion to Dismiss Plaintiff's Complaint" [Doc. # 17] and the HEB Defendants' Motion to Dismiss [Doc. # 23] will be **denied as moot**.

3

Conference, Plaintiff stated, under oath, that he did not actually receive the EEOC Notice of Right to Sue until several days after the EEOC issued it on January 18, 2017. Based on Plaintiff's sworn representation regarding the timing of his receipt of the EEOC Notice of Right to Sue, the Court ruled that Plaintiff had timely filed his Title VII claims against the HEB and FirstFleet Defendants. *See* Hearing Minutes and Order dated August 22, 2017 [Doc. # 34].[3]

For reasons explained below in Section IV, the Court concludes that the HEB Defendants' Motion [Doc. # 29] should be granted in its entirety because Plaintiff's Amended Complaint fails to cure the defects identified by those Defendants, *see* Motions to Dismiss [Docs. # 23, # 29], and because further amendment would be futile with respect to Plaintiff's claims against the HEB

---

[3]   In the Fifth Circuit, when the actual date of receipt of an EEOC right-to-sue letter is unknown, it is appropriate to use a presumption of receipt. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). Although the exact length of the presumption is "an open question in this Circuit," the Fifth Circuit "has expressed satisfaction with a range between three and seven days" after the date that the right-to-sue letter was issued by the EEOC. *Morgan v. Potter*, 489 F.3d 195, 196 (5th Cir. 2007). It is unknown when Plaintiff actually received the Notice of Right to Sue. Even assuming that the low end (*i.e.*, three days) of the Fifth Circuit's presumption range is applicable to Plaintiff's Original Complaint, the Original Complaint, which was filed ninety-three days after the issuance of the Notice of Right to Sue, would be timely filed for Title VII purposes.

Defendants.[4]  Accordingly, Plaintiff's claims against the HEB Defendants will be **dismissed with prejudice.**

For similar reasons also explained below in Section IV, the Court concludes that the FirstFleet Defendants' Motion [Doc. # 17] should be granted in part and denied in part. Accordingly, Plaintiff's claims against the FirstFleet Defendants, *other than* Plaintiff's claim under Title VII against Defendant FirstFleet, will be **dismissed with prejudice.**

## II.   FACTUAL BACKGROUND

Plaintiff, who is black, was employed by FirstFleet as a truck driver. Amended Complaint [Doc. # 33], at ECF 1; FirstFleet's Motion to Dismiss Original Complaint [Doc. # 17], at 1.  Plaintiff alleges that on March 9, 2016, while on duty, he was involved in an altercation with HEB employee Chris Boehn in an HEB-owned yard.  *See* Amended Complaint [Doc. # 33], at ECF 1-2. FirstFleet, Inc. investigated the incident and terminated Plaintiff shortly thereafter. *See* Amended Complaint [Doc. # 33], at ECF 2-3.  According to Plaintiff, the investigation was conducted unfairly and tainted by the actions and racial animus of both the FirstFleet and HEB Defendants.  *See* Amended Complaint [Doc. # 33],

---

[4]  In addition to granting Plaintiff leave to amend to amend his Original Complaint, at the Initial Pretrial Conference the Court also gave Plaintiff the opportunity to make any additional filings he deemed appropriate on or before August 25, 2017. *See* Hearing Minutes and Order dated August 22, 2017 [Doc. # 34].  Plaintiff has not made any additional filings since August 22, 2017.

at ECF 2-4, 6-8. Plaintiff alleges he was wrongly terminated and denied "Texas Workforce benefits." *See id.* at ECF 8. Plaintiff filed an administrative complaint with the EEOC on January 5, 2017, and the EEOC issued a Notice of Right to Sue on January 18, 2017. *See* Notice of Right to Sue and Charge of Discrimination [Doc. # 33], at ECF 14-15.[5]

Construed liberally, Plaintiff alleges that he was discriminated against based on his race, in violation of Title VII. *See generally* Amended Complaint [Doc. # 32]. Plaintiff also claims that the FirstFleet Defendants and the HEB Defendants violated 42 U.S.C. § 1983 ("§ 1983") by depriving him of his constitutional rights and that Defendants FirstFleet and McClellan failed to adequately train and supervise their employees. *See id.* at ECF 3, 5-6, 7, 10. Defendants' motions to dismiss followed.

## III.  **LEGAL STANDARDS**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663

---

[5] In his Charge of Discrimination, Plaintiff checked boxes alleging discrimination based on race, color, retaliation, and age. *See* Charge of Discrimination, Exh. A to Amended Complaint [Doc. # 33], at ECF 15. Even construed liberally, Plaintiff's Amended Complaint does not contain any allegations whatsoever regarding age discrimination or any factual, non-conclusory allegations regarding retaliation. To the extent that Plaintiff makes claims against either the HEB or FirstFleet Defendants in the Amended Complaint for violations of Title VII based on age discrimination or retaliation, such claims are **dismissed with prejudice** on the grounds that Plaintiff has failed to adequately allege any such claims.

6

F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

Additionally, a document filed *pro se* must be "liberally construed" and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). *See* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"); *Hood v. Pope*, 627 F. App'x 295, 299 n.7 (5th Cir. 2015).

7

## IV. ANALYSIS

### A. HEB and FirstFleet Defendants' Motions

The HEB and FirstFleet Defendants argue that Plaintiff's claims should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6) because Plaintiff fails to plead sufficient facts supporting any claims against the HEB and FirstFleet Defendants under § 1983, Title VII, or applicable Texas law.[6] Plaintiff had the benefit of the HEB and FirstFleet Defendants' arguments in preparing his Amended Complaint. The Court agrees with the arguments set forth in the HEB

---

[6] The HEB Defendants also argue that Plaintiff's claims against them fail under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, because Plaintiff has not pleaded that he exhausted his administrative remedies with respect to the HEB Defendants before filing suit. *See* HEB Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [Doc. # 29], at 7-8. The Court does not reach the exhaustion issue regarding HEB because Plaintiff fails to plead a cognizable Title VII claim against any of the HEB Defendants. In contrast, the FirstFleet Defendants aver that while the law in the Fifth Circuit is mixed on the question of whether exhaustion of administrative remedies in the motion to dismiss context should be reviewed under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6), the proper analytic lens is 12(b)(6). FirstFleet's Motion to Dismiss Original Complaint [Doc. # 17], at ECF 3 fn.3. Though there is disagreement within the Fifth Circuit regarding whether the exhaustion requirement is a prerequisite to a suit or a jurisdictional bar, this Court, among others, has concluded that the requirement does not implicate jurisdiction. *See Seghers v. Hilti, Inc.*, Civil Action No. 4:16–cv–0244, 2016 WL 6778539, at *4 (S.D. Tex. Nov. 16, 2016); *Gonzalez v. Tellepsen Indus. Corp.*, Civil Action No. 4:17-cv-00732, 2017 WL 2608839, at *3 (S.D. Tex. May 31, 2017) ("As a threshold matter, a motion to dismiss for failure to exhaust administrative remedies is properly evaluated under Federal Rule of Civil Procedure 12(b)(6)."). The Court, however, need not, and does not, reach the issue of whether Rule 12(b)(1) or Rule 12(b)(6) is the appropriate vehicle governing the FirstFleet Defendants' exhaustion argument, as the applicable rule is not dispositive of the issues presented.

8

and FirstFleet Defendants' Motions, with the exception of Defendant FirstFleet's request to dismiss Plaintiff's racial discrimination claim under Title VII.

*Section 1983.*— Plaintiff alleges both the HEB and FirstFleet Defendants violated § 1983 by depriving him of certain constitutional rights. *See* Amended Complaint [Doc. # 33], at ECF 7, 10. Section 1983 expressly encompasses only constitutional violations by "state actors." 42 U.S.C. § 1983. To maintain a claim under § 1983, Plaintiff must show that a "state actor" deprived him of a constitutional right, or that the HEB or FirstFleet Defendants conspired with or acted in concert with state actors. *See Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004). Plaintiff does not allege that any of the HEB or FirstFleet Defendants is a state actor.

Nor does Plaintiff allege facts suggesting that any of the HEB Defendants conspired with state actors to deprive him of a federal right. Plaintiff cannot maintain a claim under § 1983 against any of the HEB Defendants.

With respect to the FirstFleet Defendants, Plaintiff does allege that two individuals, Defendants Brandon Holloway and Diane Hill, "did knowingly and intentionally [] conspire[] with [the] Texas Workforce Commission to prevent Plaintiff from receiving his rightfully deserved benefits that cause[d] hardship and d[e]famation of Plaintiff['s] character." Amended Complaint [Doc. # 32], at ECF 5. This conclusory allegation is the sole allegation against the FirstFleet

9

Defendants in the Amended Complaint with respect to any conspiracy or cooperation between the FirstFleet Defendants and a state actor for the purpose of harming Plaintiff.  To state a claim that a non-state actor is liable under § 1983, a plaintiff must, in addition to alleging the deprivation of a constitutional right, also allege that there is an *agreement* between the non-state actor and a public entity to commit an *illegal act*.  *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004) (citing *Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir.1994)).  The Amended Complaint is entirely devoid of any factual allegations that plausibly suggest any agreement between the FirstFleet Defendants and the Texas Workforce Commission (or any other state actor) to commit any illegal act or to deprive Plaintiff of his constitutional rights.  Absent any such factual allegations, the Amended Complaint, even construed liberally, fails to state a claim that a conspiracy existed between the FirstFleet Defendants and a state actor to deprive Plaintiff of his constitutional rights.[7]  Because the Amended Complaint fails to state a claim that any of the FirstFleet Defendants conspired with a public entity to deprive Plaintiff of his constitutional rights, and because Plaintiff has not alleged

---

7   *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.) (citations omitted).

facts establishing that any of the FirstFleet Defendants are state actors, Plaintiff's claim under § 1983 against each of the FirstFleet Defendants must be dismissed.

*Title VII.—* Plaintiff claims that both the HEB and FirstFleet Defendants discriminated against him based on his race in violation of Title VII. *See* Amended Complaint [Doc. # 33], at ECF 6-10. Title VII, however, only provides a cause of action against an "employer." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) ("As Title VII prohibits discrimination in the employment context, generally only employers may be liable under Title VII.") (internal citations omitted). Plaintiff does not allege that an HEB Defendant employed him at any point in time. To the contrary, the Amended Complaint contains an allegation that Plaintiff, at the time of the incident that led to his termination, was employed by FirstFleet. Amended Complaint [Doc. # 32], at ECF 5.

In any event, "relief under Title VII is only available against an employer, not an individual supervisor or fellow employee." *Umoren v. Plano Indep. Sch. Dist.*, 457 F. App'x 422, 425 (5th Cir. 2012) (citing *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 340 n.8 (5th Cir. 2003). The HEB Defendants named in the Amended Complaint are all individuals, and none was an "employer" of Plaintiff within the meaning of Title VII. *See* 42 U.S.C. § 2000e(b). Plaintiff's Title VII claims against the HEB Defendants must be dismissed.

11

Plaintiff also has sued Brandon Holloway and Diane Hill, two of the FirstFleet Defendants, under Title VII. Neither is an employer under Title VII. Each is merely alleged to have been an employee of FirstFleet at the time Plaintiff sought benefits from the Texas Workforce Commission. Amended Complaint [Doc. # 33], at ECF 9. For the same reason that Plaintiff cannot state a legally viable claim against the HEB Defendants, he cannot state a claim against these two FirstFleet Defendants and Plaintiff's Title VII claims against these individuals must also be dismissed.

On the other hand, Plaintiff has alleged, and FirstFleet does not dispute, that FirstFleet was Plaintiff's employer at the time of Plaintiff's allegedly improper termination. Consequently, FirstFleet does not challenge the applicability of Title VII to Plaintiff's claims against it. Instead, FirstFleet seeks dismissal of those claims based on Plaintiff's failure to timely initiate this lawsuit within the ninety-days of receiving a Notice of Right to Sue from the EEOC, as required by Title VII. Reply [Doc. # 28]. Timeliness is the sole basis on which FirstFleet has moved to dismiss Plaintiff's Title VII claims against it.[8] This claim fails, as explained

---

[8] In its original Motion to Dismiss, FirstFleet averred that Plaintiff's Title VII claims should be dismissed on the grounds that he had failed to exhaust his administrative remedies before seeking judicial relief in Federal Court. FirstFleet's Motion to Dismiss Original Complaint [Doc. # 17], at ECF 5-7. In the Amended Complaint, Plaintiff alleges that he "filed an administrative complaint with the EEOC and received a notice of suit rights" from the EEOC. Amended Complaint
(continued…)

12

*supra* in Section I. The Court has found that Plaintiff's Title VII claims against Defendant FirstFleet were timely filed by initiation of this lawsuit.[9] Therefore, as

---

(continued…)
[Doc. # 33], at ECF 10. Plaintiff attached a copy of what he represents is his administrative complaint and the EEOC's notice of suit rights as Exhibit A to the Amended Complaint. Amended Complaint [Doc. # 33], at ECF 14-16. In the Reply, the FirstFleet Defendants did not reassert their previous contention that Plaintiff had failed to file an administrative complaint with the EEOC or obtain a right-to-sue letter from the EEOC, nor did the FirstFleet Defendants challenge the authenticity or applicability of the administrative documents Plaintiff attached as Exhibit A to the Amended Complaint. Reply [Doc. # 28], at ECF 1-2.

"For Title VII and ADA claims, '[e]xhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue.'" *Garcia v. Penske Logistics, L.L.C.*, 631 F. App'x 204, 207 (5th Cir. 2015) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir.2002)). When evaluating a motion to dismiss pursuant to either Federal Rule of Civil Procedure 12(b)(1) or Rule 12(b)(6) the Court is entitled to consider documents that are attached to the complaint. *See Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir.2009), *cert. denied*, 558 U.S. 1111 (2010) ("Moreover, under both Rule 12(b)(1) and Rule 12(b)(3), the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments."); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) ("[On a Rule 12(b)(6) review], [t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."). *See also Clark v. Huntleigh Corp.*, 119 F. App'x 666, 667 (5th Cir. 2005) ("Significantly, because of [plaintiff]'s *pro se* status, our precedent compels us to examine all of his complaint, including the attachments [when considering a Rule 12(b)(6) motion to dismiss].") Based on Exhibit A to the Amended Complaint, which FirstFleet has not disputed, the Court denies the FirstFleet Defendants' motion to dismiss Plaintiff's Title VII claim for failure to exhaust his administrative remedies as it relates to Defendant FirstFleet.

[9] Although not challenged by FirstFleet, the Court has reviewed Plaintiff's allegations in the Amended Complaint regarding his Title VII claims and has concluded that those allegations are sufficient to state a viable claim under Title VII. "At this [Motion to Dismiss] stage of the litigation, Plaintiff need only allege enough facts to plausibly suggest that h[is] employer discriminated against h[im]
(continued…)

13

it relates solely to Defendant FirstFleet, the FirstFleet Defendants' Motion to Dismiss Plaintiff's Title VII racial discrimination claim is denied.

***State Law Claims.*—** Plaintiff claims that Defendants FirstFleet and McClelland each failed to "adequately train and supervise [their] employees." Amended Complaint [Doc. # 33], at ECF 8, and 13. Plaintiff claims that, as a result, he was "discriminated against and treated unequally in regard to the unsafe driving complaint submitted by Defendant Beohn." *Id.* To the extent Plaintiff asserts common law claims of negligent hiring, training, supervision, or retention against either FirstFleet or McClelland, Plaintiff's allegations are legally insufficient to state a viable claim.

To support a claim of negligent hiring, training, supervision, or retention under Texas state law, Plaintiff must show (1) FirstFleet or McClelland owed Plaintiff a legal duty to hire, train, supervise and retain competent employees, (2)

---

(continued…)
due to h[is] membership in a protected group." *Roberts v. Lubrizol Corp.*, 2013 WL 12099843, at *5 (S.D. Tex. June 28, 2013). Liberally construed, Plaintiff alleges in the Amended Complaint that (1) he is a member of a protected racial group, (2) he was qualified for his position as a truck driver at FirstFleet given his twenty-nine years of experience, (3) FirstFleet treats employees of Plaintiff's racial group less favorably than it treats its white employees and (4) he was terminated due to his race following a flawed and incomplete incident investigation that was tainted by racial animus. *See generally* Amended Complaint [Doc. # 33]. Given Plaintiff's status as a *pro se* litigant, the Court finds that, liberally construed, the allegations in the Amended Complaint are sufficient to plausibly suggest that FirstFleet terminated Plaintiff based on his race in violation of Title VII.

14

FirstFleet or McClelland breached that duty, and (3) that breach proximately caused Plaintiff's injury. *See Phillips v. Super Servs. Holdings, LLC*, 189 F. Supp. 3d 640, 648 (S.D. Tex. 2016). An employer cannot be held liable for breach of duty, however, if the employee does not commit an actionable tort recognized under Texas common law. Plaintiff does not allege facts that state a claim for any such tort. Additionally, "[t]he duty of the employer extends only to prevent the employee or independent contractor from causing physical harm to a third person." *Olivarez v. Get Cargo, Inc.*, SA–13–CA–391–OLG (HJB), 2014 WL 12588337, at *2 (W.D. Tex. Sept. 24, 2014) (citing *Wrenn v. G.A.T.X. Logistics, Inc.*, 73 S.W.3d 489, 496 (Tex. App.—Fort Worth 2002, no pet.)). Plaintiff fails to allege any such physical injury or harm proximately caused by any of the FirstFleet or HEB Defendants' alleged negligence. As such, Plaintiff's allegations with respect to his Texas state law claims fail to state a claim upon which relief may be granted under Texas law and must be dismissed against each of the HEB and FirstFleet Defendants.

## V.   **CONCLUSION AND ORDER**

Plaintiff has pleaded a viable claim for relief under Title VII against Defendant FirstFleet but none of the other FirstFleet or HEB Defendants. In all other respects, Plaintiff has failed to plead a claim against any of the HEB or FirstFleet Defendants upon which relief may be granted. Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss Plaintiff's Complaint filed by Defendants FirstFleet, Inc., Brandon Holloway and Diane Hill [Doc. # 17] is **DENIED** with respect to Plaintiff's racial discrimination claims against Defendant FirstFleet, Inc. pursuant to Title VII, but is **GRANTED** with respect to all other claims asserted against the FirstFleet Defendants.  All claims against the FirstFleet Defendants except the Title VII claim against FirstFleet itself are **DISMISSED with prejudice**.  It is further

**ORDERED** that the Motion to Dismiss Plaintiff's First Amended Complaint filed by Defendants Scott McClelland, Chris Boehn, Barnard Douglas, and Bridgett Mervin (collectively, "HEB Defendants") [Doc. # 29] is **GRANTED** and Plaintiff's claims against the HEB Defendants are **DISMISSED with prejudice**.

SIGNED at Houston, Texas, this 18th day of **September, 2017**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE